UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

            Respondent-Plaintiff,

v.

Suresh Harlan Small,

            Petitioner-Defendant.

Criminal No. 08-107(1) (DWF/FLN)
Civil No. 16-2301 (DWF)

MEMORANDUM
OPINION AND ORDER

This matter is before the Court on Petitioner-Defendant Suresh Harlan Small's ("Petitioner-Defendant") motion pursuant to 28 U.S.C. § 2255 (Doc. No. 65) entitled "Motion for Correction" asserting, ". . . for correction of [h]is illegal sentence as the Petitioner's prior for Third degree Attempted Burglary under U.S.S.G. SECTION 4B1.2 does not qualify per JOHNSON v. UNITED STATES." The Government opposes Petitioner-Defendant's motion and requests that his motion be denied. (Doc. No. 70.)

For the reasons that the Court discusses below, the Court denies Petitioner-Defendant's motion.

### BACKGROUND

On November 19, 2008, Petitioner-Defendant entered a plea of guilty without a plea agreement to five counts of armed bank robbery, pursuant to 18 U.S.C. § 2113(a) and (d), as charged in the five-count Superseding Indictment. Significantly, in the Presentence Investigation Report ("PSR") prepared by the United States Probation and

Pretrial Services Office, they found that Petitioner-Defendant was a career offender under the United States Sentencing Guidelines ("U.S.S.G.") due to Petitioner-Defendant's prior convictions of First-Degree Aggravated Robbery, involving a bank robbery on November 11, 1998, and Attempted First-Degree Aggravated Robbery, involving a bank robbery on March 9, 1999. These two convictions invoked the Career Offender provision set forth in U.S.S.G. § 4B1.1. Admittedly, the PSR noted that Petitioner-Defendant also had a prior conviction for Third-Degree Attempted Burglary from August 31, 2005. It should be noted that Petitioner-Defendant's two convictions for aggravated robbery and attempt aggravated robbery qualified him as a career offender pursuant to the guidelines without reference to the Third-Degree Attempted Burglary conviction that Petitioner-Defendant attacks in his § 2255 motion. The Court acknowledges the Government's concern that Petitioner-Defendant may have confused the Armed Career Criminal Act ("ACCA") with the Sentencing Guidelines. The ACCA, 18 U.S.C. § 924(e), does require conviction of three prior felonies that are either crimes of violence or controlled substance crimes. However, the Sentencing Guidelines' Career Offender provision, pursuant to U.S.S.G. § 4B1.1, only requires two such prior convictions.

   The PSR determined Petitioner-Defendant's offense severity level pursuant to the Career Offender guidelines, U.S.S.G. § 4B1.1, and also, without reference to the Career Offender guidelines. Petitioner-Defendant's career offender adjusted offense severity level was 31; his noncareer offender adjusted offense severity level was ironically higher,

a level 34.  Petitioner-Defendant had 12 criminal history points, which gave him a career offender criminal history category of VI and a noncareer offender criminal history category of V.

Combining the noncareer offender severity level of 34, and the career offender criminal history category of VI, the PSR determined that the advisory guidelines sentence for Petitioner-Defendant was 262-327 months.  Ironically, given Petitioner-Defendant's assertions and his actions before the Court, had he been sentenced strictly as a career offender (adjusted offense level 31; criminal history category VI), his advisory guideline range would have been 188-235 months, while if sentenced solely on his conduct related to his conviction and criminal history, without regard to the career offender guideline, Petitioner-Defendant's advisory guideline range, based on an adjusted offense severity level of 34 and criminal history category of V, would have been 235-293 months.

On July 14, 2009, this Court departed downward, as noted by the Government, from the advisory guideline range and sentenced Petitioner-Defendant to 240 months' imprisonment on each count of conviction and then ordered all five sentences to be served concurrently.  On July 24, 2009, Petitioner-Defendant filed his Notice of Appeal.  On appeal, Petitioner-Defendant asserted that he should have been sentenced either solely as a career offender or solely on his conduct related to his conviction, but that it was improper for the Court to combine the higher career offender criminal history with the higher noncareer offender offense severity level.  On April 2, 2010, the United States

3

Court of Appeals for the Eighth Circuit held that this Court had "properly followed § 4B1.1(b) by setting [Petitioner-Defendant's] criminal history at category VI and adopting the greater of the two offense levels." *United States v. Small*, 599 F.3d 814, 816 (8th Cir. 2010).

On July 1, 2016, Petitioner-Defendant filed his § 2255 motion that is now before the Court. The Court granted a stay to the Government, pending the outcome in *Beckles v. United States*. (Doc. No. 69.) The United States Supreme Court issued its decision in *Beckles* on March 6, 2017. *Beckles*, 137 S. Ct. 886 (2017).

## DISCUSSION

**I.     *Johnson* Claim**

The Court is concerned that Petitioner-Defendant, in challenging his sentence pursuant to the U.S. Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B), as unconstitutionally vague, confused the advisory guidelines with the residual clause of the ACCA. *Johnson* did not address the constitutional validity of the guidelines' career offender provision.

Respectfully stated, Petitioner-Defendant overlooks the fact that he suffered no prejudice by the Court's decision and sentence in his case. Specifically, this Court sentenced Petitioner-Defendant to 240 months' imprisonment, a downward departure from the advisory guidelines range of 262-327 months and, within the advisory guidelines

sentencing range, even had Petitioner-Defendant been sentenced solely on the basis of his conduct related to his conviction and his criminal history. The irony to Petitioner-Defendant's position is that a pure career offender calculation resulted in the shortest sentence.

Secondly, this Court views the Petitioner-Defendant's motion, as does the Government, as a collateral attack regarding the interpretation of the sentencing guidelines by this Court. Such an attack is not cognizable. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) ("[T]his court and our sister circuits have consistently held 'that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim.'") (quoting *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995)).

Moreover, any claim that the career offender guideline is vague is foreclosed by the Supreme Court's decision in *Beckles*. It is true, that in June 2015, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. *Johnson*, 135 S. Ct. at 2555-57. However, *Johnson* dealt only with the residual clause of the ACCA and did not address the question of the continuing constitutional validity of the guidelines career offender provision.

Significantly, in *Beckles*, the Supreme Court distinguished the advisory guidelines from a mandatory statute and held that the residual clause of § 4B1.2(a) was not subject to

a vagueness challenge under the Due Process Clause. The Supreme Court held, unlike the ACCA,

> [T]he advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* at *6.

Consequently, the Supreme Court's holding in *Beckles* bars the relief requested by the Petitioner-Defendant here.

Finally, the Petitioner-Defendant seems to confuse or otherwise ignore the fact that under the sentencing guidelines, career offender status is assigned to offenders with only two or more convictions that are either crimes of violence or substance offenses vis-a-vis the ACCA that does require three prior convictions. Petitioner-Defendant's two convictions for aggravated robbery and attempted aggravated robbery are sufficient to deem him a career offender, pursuant to the sentencing guidelines, without regard to the third-degree attempted burglary conviction.

**II.     Evidentiary Hearing**

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true

because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

### III. Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

### CONCLUSION

Based upon the presentations and submission of the parties, the Court having carefully reviewed the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Petitioner-Defendant Suresh Harlan Small's *pro se* "Motion for Correction" pursuant to 28 U.S.C. § 2255 (Doc. No. [65]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: February 2, 2018         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge