## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 08-107 (DWF/FLN) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Suresh Harlan Small, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Suresh Harlan Small's *pro se* motion to commute or reduce sentence. (Doc. No. 88.) For the reasons set forth below, the Court respectfully denies the motion.

## BACKGROUND

Small pleaded guilty to five counts of armed bank robbery on November 19, 2008. (Doc. No. 43.) On July 14, 2009, this Court sentenced Small to a 240-month prison term to be followed by a five-year term of supervised release. (Doc. No. 54.) Small is currently incarcerated at FCI McDowell with an anticipated release date of October 18, 2026. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited June 18, 2025).

Small previously moved to vacate his sentence under 28 U.S.C. § 2255. (Doc. No. 65.) The Court denied that motion on February 2, 2018. (Doc. No. 71.) In 2020, Small moved for compassionate release based on his health and the COVID-19

pandemic. (Doc. No. 73.) The Court denied that motion on August 20, 2020. (Doc. No. 82.) Small now asks the Court to "commute" his sentence. (Doc. No. 88.) In the motion, he details his rehabilitation efforts, remorse, and desire to give back to the community upon his release from prison. (*See id.*)

## DISCUSSION

The power to commute criminal sentences belongs to the President, not the courts. U.S. Const. art. II, § 2, cl. 1; *see also Schick v. Reed*, 419 U.S. 256, 260-61 (1974) (describing the history of the power to commute criminal sentences). Courts have the power to modify a prison term only when granted that authority by statute. 18 U.S.C. § 3582(c). Rehabilitation alone is not a reason for which a court may grant a sentence reduction. *See United States v. Milton*, 11 F.4th 597, 600 (8th Cir. 2021); *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Prisoners typically seek to modify or otherwise vacate their sentence through motions to vacate under 28 U.S.C. § 2255 or motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Here, even if the Court liberally construed Small's motion as a motion under either of these statutes, he did not satisfy the necessary procedural requirements.

First, Small would not be entitled to relief under § 2255 because his motion is properly characterized as a second or successive motion without proper authorization from the Eighth Circuit. *See* 28 U.S.C. § 2255(h) (barring second or successive § 2255 motions unless the prisoner receives prior authorization from "a panel of the appropriate court of appeals"). Second, Small would not be entitled to relief under § 3582(c)(1)(A)

because he did not submit any proof of exhaustion. A defendant may move for compassionate release only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

In sum, the Court does not have the power to commute Small's sentence, and even if the Court construed his motion liberally as a § 2255 motion or a motion for compassionate release, he did not satisfy the procedural requirements of those statutes. Accordingly, the Court must deny his motion. The Court commends Small for his efforts to rehabilitate himself while in prison and his desire to give back to the community. The Court is confident that if he continues down this path that he will live the life he wants to live upon his release.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Suresh Harlan Small's *pro se* motion to commute or reduce sentence (Doc. No. [88]) is respectfully **DENIED**.

Dated: June 20, 2025                 s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge